# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2022

Lyle W. Cayce
Clerk

No. 21-60935
Summary Calendar

Manuela De Jesus Perez-Leiva; Jorge Marubi Regalado-Perez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 629 641
Agency No. A206 629 642

---

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Manuela De Jesus Perez-Leiva, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from a decision of the Immigration Judge (IJ) denying her

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

application for  asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  (A derivative claim for asylum is also presented for her son.  And, Perez does not challenge the BIA's conclusion she waived challenges to the IJ's determination she did not demonstrate past persecution or establish eligibility for CAT protection.)

Perez asserts the BIA erred in determining that, because she had not shown it would be unreasonable for her to relocate within Honduras to avoid harm, she failed to show a well-founded fear of future persecution. (In addition, she maintains:  her asylum application was timely filed; and she established the requisite nexus between the harm she suffered and feared in Honduras and her family-based social group.  Because the BIA did not rule on these matters, they are outside of the scope of our court's review.  *E.g.*, *Kwon v. INS*, 646 F.2d 909, 916 (5th Cir. 1981) ("The BIA did not, however, choose to act on that basis in the order we are now asked to review, and we are not permitted to consider reasons other than those it advanced.").)

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence.  *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012).  Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion".  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Perez does not have a well-founded fear of persecution if she could avoid persecution by relocating to another part of her country "if under all the circumstances it would be reasonable to expect [her] to do so".  *Eduard v. Ashcroft*, 379 F.3d 182, 194 (5th Cir. 2004) (citation omitted).  She contends she cannot reasonably relocate within Honduras to avoid harm because her family is still receiving threats from her persecutors, noting that

No. 21-60935

the two gang members who killed her cousin and sister continued to threaten her daughter after she relocated to a town 15 hours away from where the murders took place. As she acknowledged in her testimony, however, her daughter had not been physically harmed in the five-years since she relocated; and the gang members who committed the murders were incarcerated.

With respect to her other family members living in Honduras, Perez admitted that, aside from some threatening letters received by one of her sisters, her family had not experienced any other problems with the gangs. *Id.* at 193 (recognizing "the reasonableness of an alien's fear of persecution is reduced when [her] family remains in [her] native country unharmed for a long period of time after [her] departure").

In sum, because Perez could reasonably relocate to avoid persecution, she fails to establish a well-founded fear of future persecution. Therefore, the BIA correctly determined she was not eligible for asylum and withholding of removal. *E.g.*, *id.* at 187–89.

DENIED.